UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERSON ROBERT GAITAN,<br><br>Plaintiff,<br><br>v.<br><br>MACOMBER et al,<br><br>Defendant. | Case No. 1:25-cv-00915-HBK (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 4) |

On July 25, 2025, Plaintiff Emerson Robert Gaitan ("Plaintiff") initiated this action by filing a pro se civil rights complaint. (Doc. No. 1). Although the complaint appears to allege claims stemming from Plaintiff's incarceration within the California Department of Corrections, it appears that Plaintiff is no longer incarcerated. (*Id.*). Plaintiff did not accompany the complaint with the $405.00 filing fee or an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (*Id.*). On July 28, 2025, the Court ordered Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 ("Long Form") or to pay the $405.00 filing fee for this action. (Doc. No. 2). On August 8, 2025, Plaintiff filed a completed Long Form. (Doc. No. 4).

Except for habeas corpus actions, all parties instituting any civil action, suit or proceeding

1  in a district court of the United States must pay a filing fee of $350.00 and additional
2  administrative fee of $55.00 for a total filing fee of $405.00. *See* 28 U.S.C. § 1914(a), (c). A
3  civil action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is
4  granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Proceeding IFP is "a
5  matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)
6  (abrogated on different grounds). While IFP applicants need not be "destitute" a showing of
7  indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). A
8  plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP
9  can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Courts are
10 required "to assure that federal funds are not squandered to underwrite, at public expense, either
11 frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material
12 part, to pull his own oar." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I.1984).

13     In his application, Plaintiff declares a monthly income of $2,150 for himself. (Doc. No. 4
14 at 1-2). Plaintiff reports he has $0 in cash and $0 in any banking accounts. (*Id.* at 2). Under
15 assets Plaintiff lists two motor vehicles, a 1969 Chevy Impala and a 2005 Chevy Suburban, he
16 does not list a value for either vehicle or any other assets. (*Id.* at 3). Plaintiff's stated monthly
17 expenses include $200 in utilities, $150 in home maintenance, $350 in food, $50 in laundry and
18 dry-cleaning, $500 in transportation, $100 in "other" insurance, $150 in department store
19 installment payments, and $75 in "other" installment payments, with expenses totaling
20 approximately $1,575 per month. (*Id.* at 4-5). Despite Plaintiff's statement that his "bills are
21 normally more than I make," based on the forgoing, his monthly expenses do not exceed his
22 monthly income.[1] Plaintiff omits information regarding his employment history, legal residence,
23 age, years of schooling, and the last four of his social security number. (*Id.* at 5).

24     In assessing whether a certain income level meets the poverty threshold under §
25 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department
26 of Health and Human Services. According to the U.S. Department of Health and Human
27 Services, the 2025 federal poverty guideline for a one-person household in the contiguous United

---

[1] Plaintiff's income minus his expenses results in a remainder of $575 each month.

States is $15,650 annually. *See* 2025 HHS Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited September 19, 2025). Plaintiff's annual income is over that threshold. Moreover, courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Alvarez v. Berryhill*, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018). Plaintiff's affidavit does not demonstrate that paying the $405 filing fee would deprive him of life's necessities. *See Escobedo*, 787 F.3d at 1234; *see also Kaur v. Comm'r of Soc. Sec*., 2022 WL 1023975, at *2 (Apr. 1, 2022), (recommending denial of in forma pauperis application and noting "courts in this district have denied applications to proceed IFP, even where the budget 'appear[s] tight,' if the itemized expenses reflect at least some extent of discretionary spending beyond strict necessity.") (collecting cases).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a district judge for the purposes of reviewing these Findings and Recommendations.

It is further **RECOMMENDED**:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 4) be DENIED without prejudice.
2. Plaintiff be ordered to pay the $405.00 filing fee in full in order to proceed with this action.
3. If Plaintiff fails to comply with this Order, the case may be dismissed for failure to prosecute and/or comply with a court order.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party

wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: September 19, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE