1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EMERSON ROBERT GAITAN,              Case No.  1:25-cv-00915-JLT-HBK

12                 Plaintiff,            FINDINGS AND RECOMMENDATIONS TO
                                         DISMISS ACTION[1]
13          v.
                                         FOURTEEN-DAY DEADLINE
14   MACOMBER et al.,

15                 Defendants.

16

17          Plaintiff Emerson Gaitan is proceeding pro se in this civil rights action filed under 42

18   U.S.C. § 1983 on July 25, 2025.  (Doc. No. 1, "Complaint").  For the reasons set forth below, the

19   undersigned recommends the district court dismiss this action for Plaintiff's failure to comply

20   with a court order and prosecute this action.

21                                     **BACKGROUND**

22          On September 19, 2025, this Court issued Findings and Recommendation (F&R) to the

23   district judge to deny Plaintiff's application to proceed *in forma pauperis* because Plaintiff's

24   income level exceeded the federal poverty threshold under § 1915(a)(1) and Plaintiff's

25   application reflected that he had adequate funds remaining each month after he paid all monthly

26   expenses.  (Doc. No. 6).  On October 2, 2025, Plaintiff filed Objections to the F&R. (Doc. No. 7,

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2025).

"Objections"). Plaintiff stated he failed to include his rental payment of $850 a month in his application to proceed *in forma pauperis*. (*Id.*). On October 15, 2025, the Court construed Plaintiff's Objections as seeking reconsideration of his application to proceed *in forma pauperis*. (*Id.* at 2). The Court recalled its Findings and Recommendations and directed Plaintiff to complete an updated Application to Proceed in District Court Without Prepayment of Fees or Cost – AO 239, signed under penalty of perjury, within twenty-one days of the Courts Order that included all expenses Plaintiff wished the Court to consider. (*Id.* at 2-3). The Court warned Plaintiff if he failed to timely with the order or seek an extension of time to comply, the undersigned would recommend the district court dismiss this action as a sanction and for failing to comply with the court order and prosecute this action. (*Id.* at 3 ¶ 5).

After Plaintiff failed to respond to the Court's October 15, 2025 Order, the Court issued an Order to Show Cause on November 20, 2025. (Doc. No. 9, "Show Cause Order"). In its Show Cause Order, the Court directed Plaintiff within, fourteen 14) days, to take one of the following actions: (a) file an amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239, signed under penalty of perjury, that reflects all expenses that Plaintiff wants the court to consider, including his monthly rental; (b) pay the $405.00 filing fee; or (c) show cause why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's October 15, 2025 Order. (*Id.* at 2). Like its October 15, 2025 Order, the Court also advised Plaintiff that if he failed to timely respond to the Show Cause Order, the undersigned would recommend the district court dismiss this case for Plaintiff's failure to comply with a Court order and prosecute this action. (*Id.*).

As of the date of this of these Findings and Recommendations,[2] Plaintiff has failed to submit a response to the Court's October 15, 2025 Order and the Court's November 20, 2025 Show Cause Order, or request a further extension of time to comply, and the time to do so has

---

[2] Despite Plaintiff not being entitled to the mailbox rule, the undersigned waited 14 days prior to issuing these Findings and Recommendations to afford sufficient time for mailing. Further, 43 days has elapsed from the October 15, 2025 deadline.

1    expired.  (*See* docket).

2                        **APPLICABLE LAW AND ANALYSIS**

3            **A.  Legal Standard**

4            Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

5    when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

6    order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

7    (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with

8    Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . .

9    any order of the Court may be grounds for the imposition by the Court of any and all sanctions

10   . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent

11   power to control their dockets" and, in exercising that power, may impose sanctions, including

12   dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th

13   Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey

14   a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

15   (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone*

16   *v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with

17   a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure

18   to prosecute and to comply with local rules).  In determining whether to dismiss an action, the

19   Court must consider the following factors: (1) the public's interest in expeditious resolution of

20   litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants;

21   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

22   drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.

23   1988).

24           **B.  Analysis**

25           After considering each of the above-stated factors, the undersigned concludes dismissal

26   without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of

27   litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California*

28   *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

                                        3

1    Turning to the second factor, this Court's need to efficiently manage its docket cannot be

2    overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in

3    filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated

4    under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial*

5    *Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This

6    Court's time is better spent on its other matters than needlessly consumed managing a case with a

7    recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to

8    litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor

9    weighs in favor of dismissal.

10    Delays inevitably have the inherent risk that evidence will become stale or witnesses'

11    memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

12    factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

13    to defendant—weighs in favor of dismissal since a presumption of injury arises from the

14    unreasonable delay in prosecuting an action.  *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

15    1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

16    the third factor weighs in favor of dismissal.

17    The fourth factor usually weighs against dismissal because public policy favors the

18    disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

19    However, "this factor lends little support to a party whose responsibility it is to move a case

20    toward disposition on the merits but whose conduct impedes progress in that direction," which is

21    the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

22    1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

23    multiple failures by aspiring litigants to follow the rules and requirements of our courts."

24    *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

25    dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

26    order and noting "the weight of the docket-managing factor depends upon the size and load of the

27    docket, and those in the best position to know what that is are our beleaguered trial judges.").

28    Finally, the Court's warning to a party that failure to obey the court's order will result in

4

1    dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

2    *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  As noted *supra*, both the Court's

3    October 15, 2025  Order and its Show Cause Order expressly warned Plaintiff that his failure to

4    timely comply would both Orders would result in a recommendation of dismissal of this action.

5    (Doc. Nos. 8, 9).  Thus, Plaintiff had adequate warning that dismissal could result from his

6    noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser

7    sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

8           After considering the factors set forth *supra* and binding case law, the undersigned

9    recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

10          It is further **RECOMMENDED**:

11          This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders

12   and prosecute this action.

13                                 **NOTICE TO PARTIES**

14          These Findings and Recommendations will be submitted to the United States District

15   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

16   after being served with a copy of these Findings and Recommendations, a party may file written

17   objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

18   "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

19   **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

20   wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

21   CM/ECF document and page number, when possible, or otherwise reference the exhibit with

22   specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

23   the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

24   636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

25   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

26   Dated:    December 18, 2025

27                                 HELENA M. BARCH-KUCHTA
                                   UNITED STATES MAGISTRATE JUDGE

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28